# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Ta'Kuan Bingham,<br>    Plaintiff,<br><br>v.<br><br>Patrick Graham,<br>    Defendant. | )<br>)<br>)<br>)   No. 1:24cv1759 (RDA/WEF)<br>)<br>)<br>) |

## MEMORANDUM OPINION and ORDER

Ta'Kuan Bingham ("Plaintiff" or "Bingham"), a Virginia inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights. Dkt. No. 1. The complaint was filed in the United States District Court for the Western District of Virginia, and venue was transferred to this Court because the conduct at issue occurred in Gloucester County, which is in the Eastern District of Virgina. Dkt. No. 3. Bingham has applied to proceed *in forma pauperis*, Dkt. No. 5, and seeks monetary and injunctive relief. Dkt. No. 1 at 3. Because Bingham is a prisoner, however, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In addition, under 28 U.S.C. § 1915(e)(2)(B), a complaint can be dismissed at any time if the Court determines it fails to state a claim upon which relief can be granted, is frivolous or without merit when it is clear it would be barred by the statute of limitations. *See Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (affirming district court's finding that complaint was barred by the applicable statute of limitations and "that the district court did not abuse its discretion in concluding that the action was frivolous") (citing 28 U.S.C. § 1915(d)); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006)).

## II. Complaint

Bingham alleges that Detective Patrick Graham, failed to mirandize him before he was interrogated and that Graham lied to him during the interrogation. Dkt. No. 1 at 2. Plaintiff also

2


alleges what he has entitled as a "Tort Claim," in which he argues that his convictions are void. *Id.* at 4. In this second claim, he names his appointed counsel Julie Lillrose Churchill; the Gloucester County Sheriff's Department; Commonwealth Attorney Monique Watson Donner; and Assistant Attorney General Matthew Beyra [Beyrau]. *Id.* Within the second claim he mentions extrinsic fraud, that his guilty plea was coerced, malicious prosecution that occurred on November 8, 2021, and resulted in his "false imprisonment." *Id.* at 5-7.[2]

The online records of the Gloucester County Circuit Court confirm that Bingham was convicted of the arson of an occupied dwelling, and three counts of animal cruelty on November 8, 2021.[3] Bingham, by counsel, appealed his convictions to the Virginia Court of Appeals, which affirmed his convictions on May 17, 2022. *Bingham v. Commonwealth*, No. 1396-21-1, 2022 WL 1547984, at *4 (Va. Ct. App. May 17, 2022).[4] Bingham references this appeal in his complaint. *Id.* at 4. On appeal, Plaintiff argued that the trial judge erred in not letting him withdraw his guilty plea. The court found that "[t]he trial court provided Bingham the opportunity to call witnesses,

---

[2] The Gloucester County Sheriff's Department, Churchill, Donner, and Beyrau are not listed as defendants on the docket, but it is evident that Plaintiff named them as such on the fourth page of his complaint. The Clerk will be directed to add them as defendants.

[3] *See* https://www.vacourts.gov /, Case Status and Information, Circuit Court Case Information and Fee Calculation, Gloucester Circuit Court, Criminal Tab (search "Bingham, Ta'Kuan") (last searched October 22, 2024). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

Bingham has also filed petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court, *Bingham v. Anderson*, No. 24-cv-01225-RDA-WBP, which is pending. The habeas challenges the same four convictions, as well as a larceny conviction. *Id.*, Dkt. No. 1 at 1.

[4] https://eapps.courts.state.va.us/cav-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Oct. 22, 2024). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

submit affidavits, or proffer evidence, but he failed to do so," and that "[t]he record support[ed] the trial court's finding that Bingham failed to offer a reasonable basis for moving to withdraw his pleas." *Bingham v. Commonwealth*, No. 1396-21-1, 2022 WL 1547984, at *4 (Va. Ct. App. May 17, 2022). The Virginia Supreme Court affirmed his convictions on September 30, 2022. *Bingham v. Commonwealth*, Record No. 220296.[5] The appellate records indicate that defendant Beyrau represented the Commonwealth on appeal.

### III. Statute of Limitations

With the exception of Defendant Beyrau, the underlying claim accrued on or before November 8, 2021, when Bingham was convicted. Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Hence, Bingham was required to have filed his complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955). Thus, other than for Defendant Beyrau, to be timely Bingham must have filed his complaint on or before Wednesday, November 8, 2023. Bingham's complaint indicates it

---

[5] https://eapps.courts.state.va.us/acms-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Oct. 22, 2024). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

4

was executed on September 4, 2024, Dkt. No. 1 at 7, at the earliest, which is more than nine months after the expiration of the statute of limitations.[6] *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing). Therefore, the complaint is untimely as to all the Defendants except Defendant Beyrau, and will be DISMISSED as barred by the statute of limitations.

### IV. *Heck v. Humphrey*, 512 U.S. 477 (1994), and Immunity

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

*Heck* held that where a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff meets his burden by achieving a "favorable termination of his available state, or federal habeas,

---

[6] The envelope in which the complaint was sent is postmarked on and stamped received in the intuitional mail room on September 9, 2024, and was received by the Clerk on September 11, 2024. Dkt. No. 1 at 1; 1-2.

opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). Bingham has not met his burden because his convictions have not been overturned, reversed, or called into question. This civil action is thus barred by the rule in *Heck*.

In addition to being barred by *Heck*, Assistant Attorney General Beyrau is immune from suit based upon his role as an advocate in the prosecution of the direct appeal. The only action associated with Defendant Beyrau is his role as the attorney for the Commonwealth on direct appeal, which is the role of advocate. *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("absolute immunity is afforded prosecutors when acting 'within the advocate's role.'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)); see *Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009) (affirming district court's ruling that former Attorney General and his assistant were entitled to qualified immunity on prosecutorial decisions) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) ("prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process'") (quoting *Imbler*, 424 U.S. at, 430, 431); *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) ("state assistant attorney general's function as a government advocate entitles him or her to absolute immunity from suit for damages.").

As the claims against each Defendant are barred as a matter of law, the complaint fails to state a cause of action and amendment would be futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be

futile and therefore can be denied."); *see Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024) (affirming that any statute of limitations issue is properly analyzed within the 12(b)(6) framework): *see, e.g., Howard v. Sharrett*, 540 F. Supp. 3d 549, 552 (E.D. Va. 2021) (allowing plaintiff to "amend would be futile because not only are the defendants named immune from suit, his complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994), and it is barred by the statute of limitations.").

Accordingly, it is hereby

**ORDERED** that the Motion to proceed *in forma pauperis*, Dkt. No. 5, is **DISMISSED WITHOUT PREJUDICE**, and it is

**FURTHER ORDERED** that the Clerk amend the docket to list Julie Lillrose Churchill; the Gloucester County Sheriff's Department; Commonwealth Attorney Monique Watson Donner; and Assistant Attorney General Matthew Beyra [Beyrau] as defendants in this civil action; and it is

**FURTHER ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g),[7] this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison

---

[7] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Litigation Reform Act.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the Plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint without prejudice to Plaintiff, and to close this civil action.

Entered this 28 day of March, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge